UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ST. JOHN'S SHIPPING CO., INC.**
a Florida Corporation**, ect.**

  **Plaintiff(s),**

v.                  Case No.: 8:05-CV-513-T-EAJ

**THE VESSEL KNOWN AS
ANNEMARIE B., etc.**

  **Defendant(s).**
_____/

**CARIBBEAN INTERLINER SERVICES
(USA), INC.**

  **Claimant/
  Third Party Plaintiff,**

**v.**

**AGENCIA ANTILLANA AN H.
BARKHAUSEN CO., LTD.,**

  **Third Party Defendant.**

## ORDER

  This cause is before the court sua sponte. On October 5, 2007, the court directed Third Party Defendant Agencia Antillana An H. Barkhausen Co., Ltd. ("Antillana") to show cause why its counterclaim should not be stricken from the record and a default judgment entered against the corporation. (Dkt. 63)

**I. BACKGROUND**

  This action concerns a dispute about stevedoring charges stemming from the discharge of

the M/V ANNEMARIE B ("ANNEMARIE B") of a cargo of steel in Port Everglades, Florida. Claimant/Third Party Plaintiff, Caribbean Interliner Services (USA), Inc. ("CIS") chartered the ANNEMARIE B to Antillana under a voyage charter.

On March 28, 2005, CIS filed a Third Party Complaint alleging that Antillana chartered the ANNEMARIE B for a voyage from the Dominican Republic to Florida. (Dkt. 9 at 2, ¶¶4, 5) CIS asserts that the ANNEMARIE B carried out the voyage, discharged the cargo, and received port services in Port Everglades, Florida in June 2004. (Id. at 2, ¶ 6) Furthermore, CIS contends that Plaintiff, St. Johns Shipping Company, Inc. ("St. Johns"), furnished stevedoring and port services furnished to the ANNEMARIE B. (Id. at 3, ¶ 9) In November 2004, St. Johns filed an action against the ANNEMARIE B alleging a maritime lien against the vessel, in rem, for stevedoring and port services in the amount of $51,919.78. (Id. at 3, ¶ 10) In accordance with the terms of the charter agreement between CIS and Antillana, CIS alleges that Antillana is liable for the payment of stevedoring and port services claimed by St. Johns, plus attorney's fees and costs incurred by CIS in defending this action.[1] (Id. at 2, ¶¶ 7, 11 and Ex. 1)

On January 9, 2006, Antillana filed an amended answer to the Third Party Complaint, a Counterclaim against CIS, and a Fourth Party Complaint against St. Johns. (Dkt. 23) In its Counterclaim against CIS, Antillana asserts that Concrete Reinforcing Products ("CRP") purchased steel through Antillana but CRP did not properly pay for the shipment of the steel. (Id. at 6) As a result of the payment dispute, Antillana alleges that it retained the bills of lading while trying to resolve the dispute. (Id.) Antillana contends that CIS: (1) failed to properly deliver the rods to

---

[1] On February 28, 2006, CIS filed an Amended Third Party Complaint against Antillana to clarify that CIS is demanding that Antillana be liable to both CIS and St. Johns. (Dkts. 27 and 29)

Antillana, (2) failed to properly instruct or supervise the stevedore, St. Johns, and (3) breached the charter agreement and the bill of lading. (Id.) Antillana alleges the misdelivery of the cargo was the result of CIS's negligence and Antillana suffered an unspecified amount of damages.

In its Fourth Party Complaint against St. Johns, Antillana asserts that St. Johns was directed by CIS and Antillana not to release the cargo unless proper documentation was presented to St. Johns in the form of a bill of lading. (Dkt. 23 at 8) Antillana contends that St. Johns violated these directives and acted in contravention of established maritime practice by releasing the cargo without proper documentation. (Id.) As a result of St. Johns's breach of its contractual duty, Antillana alleges it suffered monetary damages.[2] (Id. at 9)

On June 26, 2006, Antillana's counsel filed a motion to withdraw because Antillana refused to communicate with counsel concerning the case. (Dkt. 42) The court deferred ruling on counsel's motion and directed Antillana to advise the court whether it was a corporation and how it intended to proceed in the case. (Dkt. 44) The court warned Antillana that failure to respond to the court's order may result in the dismissal of its claims and the entry of default judgment. (Dkt. 44 at 2) Antillana did not respond to the court's order.

On August 31, 2006, the court issued an order requiring Antillana to show cause why its Counterclaim and Fourth Party Complaint should not be dismissed and default judgment entered against Antillana. (Dkt. 49) Once again, Antillana failed to respond to the court's order.

On October 12, 2006, the court notified Antillana that any failure to comply with the federal and local rules may result in the entry of an appropriate sanction, including the entry of default

---

[2] On April 11, 2006, Antillana filed an Amended Fourth Party Complaint adding CRP as a Fourth Party Defendant. (Dkts. 31, 33) Subsequently, the court granted a motion to dismiss the Fourth Party Complained filed against CRP. (Dkt. 50)

judgment. (Dkt. 53)  On October 12, 2006, the court also granted Antillana's second motion to withdraw as attorney. (Dkt. 54)  This order directed Antillana to prepare for trial, or hire counsel to prepare for trial, and to notify the court where papers and pleadings should be served. (Dkt. 54 at 2)

By order of March 31, 2007, the court ordered the parties to complete any alternative dispute resolution. (Dkt. 55)  In August 2007, the court issued a pretrial order directing the parties to prepare and file a pretrial stipulation, scheduling the pre-trial conference for October 2, 2007, and requiring that trial counsel and a person with settlement authority attend the pretrial conference. (Dkts. 56, 57)  Antillana did not participate in the mediation discussions or the preparation of the pretrial submissions; Antillana did not appear at the pretrial conference. (Dkts. 58, 59, 60)

On October 5, 2007, the court issued an order directing Antillana to show cause why its claims should not be stricken from the record and a default judgment entered against it. (Dkt. 63)

After the parties consented to trial by the undersigned, the court issued a pretrial order scheduling the bench trial to commence on November 13, 2007. (Dkts. 62, 64)

**II.   DISCUSSON**

Federal courts have the inherent power to impose sanctions on parties, lawyers, or both. In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir. 2006).  Sanctions authorized under the court's inherent power include the striking of frivolous pleadings or defenses, disciplining lawyers, punishing for contempt, assessment of attorney's fees and costs, and the dismissal of a lawsuit. Chambers v. NASCO, Inc., 501 U.S. 32, 43-45 (1991).

Federal Rule of Civil Procedure 16(f) provides in pertinent part:

> [i]f a party or a party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling

> or pretrial conference, . . . Or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C),(D).

Fed. R. Civ. P. 16(f). Rule 37(b)(2)( C) provides that a court may issue an order striking pleadings or render a judgment by default against a disobedient party. Fed. R. Civ. P. 37(b)(2)( C).

    A.    <u>Dismissal of Antillana's Counterclaim and Fourth Party Complaint</u>

A party's failure to appear for proceedings, such as a pretrial conference, is sufficient to justify dismissal under Rule 41(b), Fed. R. Civ. P. See <u>Link v. Wabash Railroad</u>, 370 U.S. 626, 630 (1962)(a district court's <u>sua sponte</u> dismissal because of plaintiff's failure to attend pretrial conference coupled with plaintiff's dilatory tactics throughout the litigation was appropriate under Rule 41(b), Fed. R. Civ. P.). The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, for failure to prosecute or obey a court order or federal rule. Fed. R. Civ. P. 41(b),( c); <u>State Exchange Bank v. Hartline</u>, 693 F.2d 1350, 1352 (11th Cir. 1982). Dismissal with prejudice is appropriate where there is a clear record of willful contempt and a finding that lesser sanctions would not suffice. <u>Gratton v. Great Am. Communs.</u>, 178 F.3d 1373, 1375 (11th Cir. 1999).

In the instant case, Antillana failed to appear at the final pretrial conference after being duly noticed. Likewise, Antillana failed to participate in mediation and discovery proceedings. Despite numerous orders from the court urging Antillana to retain counsel and prepare for trial, Antillana did not retain new counsel or participate in pretrial submissions. Furthermore, Antillana repeatedly ignored court orders, including two show cause orders. Indeed, Antillana received adequate notice

of the October 5, 2007 show cause order but has neglected to respond to the order.[3] In prior orders, Antillana was warned that its failure to comply with the court's orders and rules could result in the entry of appropriate sanctions, including dismissal of its claims and default judgment. In light of Antillana's continued disregard for the court's orders and rules, the court finds that dismissal of Antillana's Counterclaim and Fourth Party Complaint is warranted. No lesser sanctions appear likely in light of the approaching trial date and Antillana's clear pattern of willful contempt of the court's orders and rules.

B.   Default Judgment Against Antillana

A court may enter a default judgment only if party's noncompliance is due to willful or bad faith disregard of court orders. Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1542 (11th Cir. 1985). The district court must find that less draconian but equally effective sanctions would not be effective. Id. at 1543. Where the non-compliant party displays a flagrant disregard for the court and the discovery process, the severe sanction of default judgment is not an abuse of discretion. Aztec Steel Co. v. Fla. Steel Co., 691 F.2d 480, 481-482 (11th Cir. 1982).

In considering whether a default judgment is appropriate, a court must examine the well-pleaded allegations of the complaint to determine whether the factual allegations of the complaint,

---

[3] The show cause order directed Antillana to respond within fourteen (14) days of the date of the order. (Dkt. 63) On October 9, 2007, the Clerk of the Court mailed a certified copy of the show cause order to Antillana's counsel in the Dominican Republic, Joachim Barkausen, II, Esq. This copy was returned as undeliverable. (Dkt. 65)

On October 9, 2007, the clerk's office sent a copy of the show cause order by regular mail to Antillana's Miami address. On October 23, 2007, the clerk's office sent Antillana a second copy of the order by certified mail, return receipt requested, to the Miami address. Antillana's agent received a copy of the court's order on October 25, 2007. (Dkt. 68)

which are assumed to be true, provide sufficient basis to support a finding that a defendant is liable. Tyco Fire and Sec., LLC v. Hernandez Alcocer, 218 Fed. App'x 860, 863 (11th Cir. 2007), citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[4]  Allegations relating to amount of damages are not admitted by virtue of a default; a court determines the amount and character of the damages to be awarded.  Michaud v. U.S. Steakhouse Bar & Grill, Inc., No. 6:04-cv-1371-Ori-UAM, 2007 U.S. Dist. LEXIS 65404, at *10 (M.D. Fla. Sept. 5, 2007). A court may hold a hearing for the purpose of assessing damages. Id. However, a hearing is not required if sufficient evidence is submitted to support the request for damages. Id.

Upon consideration of CIS's allegations in this case, the court finds a sufficient basis in the Amended Third Party Complaint for judgment to be entered in CIS' and Plaintiff's favor.  In the complaint, CIS alleges that Antillana breached a charter agreement by failing to pay for stevedoring or port services furnished by St. Johns to the ANNEMARIE B.  CIS asserts that St. Johns has a maritime lien against ANNEMARIE B and that Antillana is a proper third party defendant in the suit. CIS further contends that CIS and St. Johns are entitled to recover the costs of the stevedoring and port services provided by St. Johns.  CIS's well-pleaded allegations, which the court assumes are true and admitted by Antillana, state claims for a breach of contract and maritime lien.  Thus, CIS and St. Johns are entitled to entry of default on CIS's Amended Third Party Complaint.

Having determined that CIS and St. Johns are entitled to the entry of default, the court must ascertain the amount of damages to award.  CIS alleges that Antillana is liable for damages in the amount of $51,919.78. In addition, CIS seeks the recovery of attorney's fees and costs incurred by

---

[4] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981).

CIS in defending this action. There is insufficient evidence in the record to determine the amount of damages in this case. Moreover, there are disputes regarding the reasonableness of the stevedoring charges and CIS's ability to recover attorney's fees and costs incurred in defending this action. (Dkt. 59)  Pursuant to Fed. R. Civ. P. 55(b)(2), if an evidentiary hearing or other proceeding is necessary to determine what the amount of the default judgment should provide, such as the amount of damages that the defaulting defendant must pay, those proceeding must be conducted before the default judgment is entered. SEC v. Smyth, 420 F.3d 1225, 1231-1232 (11th Cir. 2005). Thus, the court defers ruling on the default judgment against Antillana.  During the bench trial, which commences on November 13, 2007, the parties may present evidence regarding the amount of damages which should be awarded on the default judgement against Antillana.

Accordingly, and upon consideration, it is **ORDERED** and **ADJUDGED**:

(1) The Clerk is directed to **DISMISS WITH PREJUDICE** Antillana's Counterclaim and Fourth Party Complaint (Dkt. 23);

(3) The issue of damages on the default judgment against Antillana shall be addressed at the trial commencing on November 13, 2007 of the other parties' claims.

**DONE AND ORDERED** in Tampa, Florida this 6th day of November, 2007.

ELIZABETH A JENKINS
United States Magistrate Judge

9